PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RONALD G. JOHNSON, ) | |
| ) | CASE NO. 4:18CV0486 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| LIANN BOWER, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |

*Pro Se* Plaintiff Ronald G. Johnson filed this action under 42 U.S.C. § 1983 against Bureau of Sentence Computation ("BOSC") Chief Liann Bower, Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, and Northeast Ohio Correctional Center ("NEOCC") Warden Christopher LaRose. In the Complaint (ECF No. 1), Plaintiff alleges he was given definite sentences that aggregate to 12 years, which were to be served concurrent to each other, and to an indefinite sentence imposed for seven to 25 years. He contends the BOSC is calculating his definite sentences as consecutive rather than concurrent, requiring him to serve a longer period than that which was imposed. He does not specify the relief he seeks.

## I. Background

Plaintiff's criminal history is extensive and he does not provide much information with regard to his convictions and sentences. Official records from the ODRC indicate that Plaintiff

(4:18CV0486)

was convicted of voluntary manslaughter and having a weapon while under a disability in Montgomery County in June 2000. He was paroled in March 2004 but re-incarcerated in July 2005 after allegedly violating the terms of his parole by being charged with new offenses in Fayette County. *See State of Ohio v. Johnson*, No. 16CA26, 2017 WL 2537581, at *1 n.1 (Ohio App. 4th Dist. June 5, 2017). He has convictions from Fayette, Adams, Montgomery, Madison, and Highland counties. Although Plaintiff contends his definite sentences were all concurrent to each other and to his indefinite sentence, some of the definite sentences were ordered to be served consecutive while others were concurrent. To further complicate the calculation, Plaintiff began to serve his definite sentences at different times. His sentence in Fayette County and one of his Montgomery County sentences began in March 2006, while the Adams County sentence began in June 2006, the Madison County sentence began in May 2007, the Highland County sentence began in June 2007, and the other four Montgomery County sentences began in August 2007. *See* ODRC website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A518770 (last visited Aug. 30, 2018)).

Plaintiff disputes the ODRC's calculation of his sentence. He deems that all of his definite sentences began to run on the date of his earliest sentence, March 28, 2006, and claims they will all expire on June 14, 2018. ECF No. 1 at PageID #: 4. The ODRC calculates his entire sentence to expire on August 19, 2024. *See* ODRC website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A518770 (last visited Aug. 30, 2018)). Plaintiff alleges that for this to happen, his 12-year sentence would have to have

2

(4:18CV0486)

restarted on August 29, 2012. He contends the ODRC is double counting his definite sentences, ECF No. 1 at PageID #: 4, and claims he will serve six years more than his maximum sentence if the double counting is not corrected, ECF No. 1 at PageID #: 5.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). *See also* Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations

3

(4:18CV0486)

must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Law and Analysis

To the extent Plaintiff seeks a sentence correction and release from prison, the Court cannot grant that relief in a civil rights action. When a prisoner challenges his conviction or sentence, his sole remedy is habeas corpus. *Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement *or to particulars affecting its duration* are the province of habeas corpus. . . .") (emphasis added and internal citation omitted).

In addition, to the extent Plaintiff seeks damages for what he claims is wrongful incarceration, he still cannot proceed in a civil rights action. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

(4:18CV0486)

whose unlawfulness would render a conviction or sentence invalid, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Jackson-El v. Winsor*, 986 F. Supp. 440, 444 (E.D. Mich. 1997). If, however, the Court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment or sentence, the action may proceed, in the absence of some other bar to the suit.

In the case at bar, Plaintiff directly challenges the computation of his sentence. A judgment of false imprisonment would necessarily imply that his sentence as calculated is invalid. He must therefore allege that his sentence was corrected in the Ohio courts or by a writ of habeas corpus. He has not done so. Plaintiff cannot proceed with a damages action challenging his sentence. *See Longacre v. Mich. Dep't of Corr.*, No. 2:14-cv-10, 2014 WL 3953194 (W.D. Mich. Aug. 13, 2014) (dismissing § 1983 claim alleging that the manner in which plaintiff's sentence had been calculated would keep him in prison past his proper release date as barred by *Heck*), *aff'd, Longacre v. MDOC*, No. 14-2119 (6th Cir. June 1, 2015).

5

(4:18CV0486)

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 August 30, 2018           _/s/ Benita Y. Pearson_
Date         Benita Y. Pearson
        United States District Judge